UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────────────────

William Kevin Weaver,                                   No. 13-cv-2335 (PAM/LIB)

        Plaintiff,

v.                                                      **REPORT AND RECOMMENDATION**

Wisconsin Central Ltd., et al,

        Defendants.

───────────────────────────────────────────────────────────

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases and upon an assignment made in accordance with 28 U.S.C. 636(b)(1)(A).

William Kevin Weaver ("Plaintiff") commenced this action on August 26, 2013, naming as Defendants Wisconsin Central, Ltd. (both individually and as successor in interest to Duluth Missable and Iron Range Railway Company) ("Defendant Wisconsin Central"), Illinois Central Railroad Company ("Defendant Illinois Central"), CN Transportation Limited ("Defendant CN"), and Wisconsin Central Transportation Limited ("Defendant Wisconsin Central Transportation"). [Docket No. 1]. Defendant Wisconsin Central filed its Answer on October 25, 2013. [Docket No. 7].

However, it has now been more than 120 days since Plaintiff filed his Complaint, and Plaintiff has not provided proof that he has served a copy of the summons and complaint on Defendants Illinois Central, CN, or Wisconsin Central Transportation (collectively, the "unserved Defendants"). See Fed. R. Civ. Pro. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

On December 27, 2013, this Court instructed Plaintiff that he was required to "provide

proof of service or show good cause for an extension of time to serve" the unserved Defendants within twenty (20) days of the Court's Order.  ([Docket No. 10], at 2).  Additionally, the Court gave notice to Plaintiff that "**[i]f Plaintiff fails to comply with these directives, the undersigned will recommend that any Defendant for whom proof of service has not been provided be dismissed for failure to effect proper service and failure to prosecute**."  (Id.).

As of today's date, more than 20 days have passed since the Court issued its Order, and Plaintiff still has neither provided proof of service on the unserved Defendants, nor provided good cause why this Court should grant him an extension of time to do so.

Therefore, pursuant to the provisions of Rule 4(m), the Court recommends that this action be dismissed for failure to effect proper service and failure to prosecute unless Plaintiff, within the 14-day deadline to object to this Report and Recommendation, can provide proof of service or show good cause for an extension of time to serve the unserved Defendants.

Based upon the above, and upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that, with regard to Defendants Illinois Central Railroad Company, CN Transportation Limited, and Wisconsin Central Transportation Limited, Plaintiff's Complaint, [Docket No. 1], be **DISMISSED without prejudice**, for failure to effect service and for lack of prosecution, unless Plaintiff, within the 14-day deadline to object to this Report and Recommendation, provides proof of service or shows good cause for an extension of time to serve these Defendants.

Dated: January 27, 2014                              /s/ Leo I. Brisbois
                                                     LEO I. BRISBOIS
                                                     United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation

by filing with the Clerk of Court, and serving all parties **by February 10, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.